

# 130th MAINE LEGISLATURE

## FIRST SPECIAL SESSION-2021

| Legislative Document | No. 1688 |
|---|---|
| S.P. 544 | In Senate, May 6, 2021 |

**An Act To Improve Consistency within the Maine Human Rights Act**

Submitted by the Maine Human Rights Commission pursuant to Joint Rule 204.

Received by the Secretary of the Senate on May 4, 2021.  Referred to the Committee on Judiciary pursuant to Joint Rule 308.2 and ordered printed.

DAREK M. GRANT
Secretary of the Senate

Presented by Senator HICKMAN of Kennebec.
Cosponsored by Representative TALBOT ROSS of Portland and
Senators: CARNEY of Cumberland, SANBORN of Cumberland, VITELLI of Sagadahoc,
Representatives: DUNPHY of Old Town, HARNETT of Gardiner.

**Be it enacted by the People of the State of Maine as follows:**

**Sec. 1. 5 MRSA §4552,** as amended by PL 2005, c. 10, §1, is further amended to read:

**§4552. Policy**

To protect the public health, safety and welfare, it is declared to be the policy of this State to keep continually in review all practices infringing on the basic human right to a life with dignity, and the causes of these practices, so that corrective measures may, where possible, be promptly recommended and implemented, and to prevent discrimination in employment, housing, education, extension of credit or access to public accommodations on account of an individual's actual or perceived race, color, sex, sexual orientation or gender identity, physical or mental disability, religion, ancestry or national origin and in employment, extension of credit and access to public accommodations on the basis of age; and in employment and housing on the basis of familial status; and in employment, discrimination on account of age or because of the previous assertion of a claim or right against a prior employer under former Title 39 or Title 39-A and in housing because of familial status; and to prevent discrimination in the extension of credit on account of age, race, color, sex, sexual orientation, marital status, religion, ancestry or national origin; and to prevent discrimination in education on account of sex, sexual orientation or physical or mental disability and because of protected activity under Title 26, chapter 7, subchapter 5-B; and to prevent discrimination or retaliation on the basis of an assertion of rights under this Act or interference with an individual's right to be free from discrimination prohibited under this Act.

**Sec. 2. 5 MRSA §4553, sub-§5-A,** as amended by PL 2019, c. 464, §1, is further amended to read:

**5-A. Familial status.** "Familial status" means that a family unit may contain one or more individuals who have not attained 18 years of age and are living with that contains:

A. A One or more individuals who have not attained 18 years of age and are living with a parent or another person having legal custody of the individual or individuals or the designee of the parent or other person having custody with the written permission of the parent or other person; or

B. The designee of the parent or other person having custody, with the written permission of the parent or other person.

B-1. One or more individuals 18 years of age or older who lack the ability to meet essential requirements for physical health, safety or self-care because the individual or individuals are unable to receive and evaluate information or make or communicate decisions.

The protections afforded against discrimination on the basis of familial status apply to any person who is pregnant or who is in the process of securing legal custody of any individual who has not attained 18 years of age.

**Sec. 3. 5 MRSA §4553, sub-§10, ¶G,** as amended by PL 2019, c. 464, §1, is further amended by amending subparagraph (3) to read:

(3) Educational opportunity, as is more fully set forth in section 4602, subsection 4.

**Sec. 4. 5 MRSA §4571,** as amended by PL 2005, c. 10, §10, is further amended to read:

**§4571. Right to freedom from discrimination in employment**

The opportunity for an individual to secure employment without discrimination because of race, color, sex, sexual orientation <u>or gender identity</u>, physical or mental disability, religion, age, ancestry ~~or~~, national origin <u>or familial status</u> is recognized as and declared to be a civil right.

**Sec. 5. 5 MRSA §4572, sub-§1,** as amended by PL 2005, c. 10, §§11 and 12, is further amended to read:

**1. Unlawful employment.** It is unlawful employment discrimination, in violation of this Act, except when based on a bona fide occupational qualification:

A. For any employer to fail or refuse to hire or otherwise discriminate against any applicant for employment because of race or color, sex, sexual orientation <u>or gender identity</u>, physical or mental disability, religion, age, ancestry ~~or~~, national origin <u>or familial status</u>, because of the applicant's previous assertion of a claim or right under former Title 39 or Title 39-A or because of previous actions taken by the applicant that are protected under Title 26, chapter 7, subchapter 5-B; or, because of those reasons, to discharge an employee or discriminate with respect to hire, tenure, promotion, transfer, compensation, terms, conditions or privileges of employment or any other matter directly or indirectly related to employment; or, in recruiting of individuals for employment or in hiring them, to utilize any employment agency that the employer knows or has reasonable cause to know discriminates against individuals because of their race or color, sex, sexual orientation <u>or gender identity</u>, physical or mental disability, religion, age, ancestry ~~or~~, national origin <u>or familial status</u>, because of their previous assertion of a claim or right under former Title 39 or Title 39-A or because of previous actions that are protected under Title 26, chapter 7, subchapter 5-B;

(1) This paragraph does not apply to discrimination governed by Title 39-A, section 353;

B. For any employment agency to fail or refuse to classify properly, refer for employment or otherwise discriminate against any individual because of race or color, sex, sexual orientation <u>or gender identity</u>, physical or mental disability, religion, age, ancestry ~~or~~, national origin <u>or familial status</u>, because of the individual's previous assertion of a claim or right under former Title 39 or Title 39-A or because of previous actions taken by the individual that are protected under Title 26, chapter 7, subchapter 5-B; or to comply with an employer's request for the referral of job applicants if a request indicates either directly or indirectly that the employer will not afford full and equal employment opportunities to individuals regardless of their race or color, sex, sexual orientation <u>or gender identity</u>, physical or mental disability, religion, age, ancestry ~~or~~, national origin <u>or familial status</u>, because of previous assertion of a claim or right under former Title 39 or Title 39-A or because of previous actions that are protected under Title 26, chapter 7, subchapter 5-B;

C. For any labor organization to exclude from apprenticeship or membership or to deny full and equal membership rights to any applicant for membership because of race or color, sex, sexual orientation <u>or gender identity</u>, physical or mental disability,

| | |
|---|---|
| 1 | religion, age, ancestry ~~or~~, national origin <u>or familial status</u>, because of the applicant's |
| 2 | previous assertion of a claim or right under former Title 39 or Title 39-A or because of |
| 3 | previous actions taken by the applicant that are protected under Title 26, chapter 7, |
| 4 | subchapter 5-B; or, because of those reasons, to deny a member full and equal |
| 5 | membership rights, expel from membership, penalize or otherwise discriminate with |
| 6 | respect to hire, tenure, promotion, transfer, compensation, terms, conditions or |
| 7 | privileges of employment, representation, grievances or any other matter directly or |
| 8 | indirectly related to membership or employment, whether or not authorized or required |
| 9 | by the constitution or bylaws of that labor organization or by a collective labor |
| 10 | agreement or other contract; to fail or refuse to classify properly or refer for |
| 11 | employment or otherwise discriminate against any member because of race or color, |
| 12 | sex, sexual orientation <u>or gender identity</u>, physical or mental disability, religion, age, |
| 13 | ancestry ~~or~~, national origin <u>or familial status</u>, because of the member's previous |
| 14 | assertion of a claim or right under former Title 39 or Title 39-A or because of previous |
| 15 | actions taken by the member that are protected under Title 26, chapter 7, subchapter |
| 16 | 5-B; or to cause or attempt to cause an employer to discriminate against an individual |
| 17 | in violation of this section, except that it is lawful for labor organizations and employers |
| 18 | to adopt a maximum age limitation in apprenticeship programs, if the employer or labor |
| 19 | organization obtains prior approval from the Maine Human Rights Commission of any |
| 20 | maximum age limitation employed in an apprenticeship program.  The commission |
| 21 | shall approve the age limitation if a reasonable relationship exists between the |
| 22 | maximum age limitation employed and a legitimate expectation of the employer in |
| 23 | receiving a reasonable return upon the employer's investment in an apprenticeship |
| 24 | program.  The employer or labor organization bears the burden of demonstrating that |
| 25 | such a relationship exists; |
| 26 | D.  For any employer, employment agency or labor organization, prior to employment |
| 27 | or admission to membership of any individual, to: |
| 28 | (1)  Elicit or attempt to elicit information directly or indirectly pertaining to race |
| 29 | or color, sex, sexual orientation <u>or gender identity</u>, physical or mental disability, |
| 30 | religion, age, ancestry ~~or~~, national origin <u>or familial status</u>, any previous assertion |
| 31 | of a claim or right under former Title 39 or Title 39-A or any previous actions that |
| 32 | are protected under Title 26, chapter 7, subchapter 5-B; |
| 33 | (2)  Make or keep a record of race or color, sex, sexual orientation <u>or gender</u> |
| 34 | <u>identity</u>, physical or mental disability, religion, age, ancestry ~~or~~, national origin <u>or</u> |
| 35 | <u>familial status</u>, any previous assertion of a claim or right under former Title 39 or |
| 36 | Title 39-A or any previous actions that are protected under Title 26, chapter 7, |
| 37 | subchapter 5-B, except under physical or mental disability when an employer |
| 38 | requires a physical or mental examination prior to employment, a privileged record |
| 39 | of that examination is permissible if made and kept in compliance with this Act; |
| 40 | (3)  Use any form of application for employment, or personnel or membership |
| 41 | blank containing questions or entries directly or indirectly pertaining to race or |
| 42 | color, sex, sexual orientation <u>or gender identity</u>, physical or mental disability, |
| 43 | religion, age, ancestry ~~or~~, national origin <u>or familial status</u>, any previous assertion |
| 44 | of a claim or right under former Title 39 or Title 39-A or any previous actions that |
| 45 | are protected under Title 26, chapter 7, subchapter 5-B.  This section does not |
| 46 | prohibit any officially recognized government agency from keeping records |

    permitted to be kept under this Act in order to provide free services to individuals requesting rehabilitation or employment assistance;

    (4) Print, publish or cause to be printed or published any notice or advertisement relating to employment or membership indicating any preference, limitation, specification or discrimination based upon race or color, sex, sexual orientation <u>or gender identity</u>, physical or mental disability, religion, age, ancestry <s>or</s>, national origin <u>or familial status</u>, any previous assertion of a claim or right under former Title 39 or Title 39-A or any previous actions that are protected under Title 26, chapter 7, subchapter 5-B; or

    (5) Establish, announce or follow a policy of denying or limiting, through a quota system or otherwise, employment or membership opportunities of any group because of the race or color, sex, sexual orientation <u>or gender identity</u>, physical or mental disability, religion, age, ancestry <s>or</s>, national origin <u>or familial status</u>, the previous assertion of a claim or right under former Title 39 or Title 39-A or because of previous actions that are protected under Title 26, chapter 7, subchapter 5-B, of that group; or

E. For an employer, employment agency or labor organization to discriminate in any manner against individuals because they have opposed a practice that would be a violation of this Act or because they have made a charge, testified or assisted in any investigation, proceeding or hearing under this Act.  <u>This paragraph does not limit the liability of persons pursuant to section 4633.</u>

**Sec. 6. 5 MRSA §4573-A, sub-§3** is enacted to read:

**3. Physical or mental disability.**  <u>This subchapter does not prohibit an employer from discharging or refusing to hire an individual with a physical or mental disability or subject an employer to any legal liability resulting from the refusal to employ or the discharge of the individual with a physical or mental disability if the employer establishes that the individual, because of the physical or mental disability, is unable to perform job duties or to perform job duties in a manner that would not endanger the health or safety of the individual or others.</u>

**Sec. 7. 5 MRSA §4581, first ¶,** as amended by PL 2011, c. 613, §10 and affected by §29, is further amended to read:

The opportunity for an individual to secure housing in accordance with the individual's ability to pay, and without discrimination because of race, color, sex, sexual orientation <u>or gender identity</u>, physical or mental disability, religion, ancestry, national origin or familial status is hereby recognized as and declared to be a civil right.

**Sec. 8. 5 MRSA §4581-A, sub-§1,** as enacted by PL 2011, c. 613, §11 and affected by §29, is amended to read:

**1. Sale or rental of housing and other prohibited practices.**  For any owner, lessee, sublessee, managing agent or other person having the right to sell or rent or manage a housing accommodation, or any agent of these, to:

A. Make or cause to be made any written or oral inquiry concerning the race or color, sex, sexual orientation <u>or gender identity</u>, physical or mental disability, religion,

ancestry, national origin or familial status of any prospective purchaser, occupant or tenant of the housing accommodation;

B.  Refuse to show or refuse to sell, rent, lease, let or otherwise deny to or withhold from any person the housing accommodation because of race or color, sex, sexual orientation <u>or gender identity</u>, physical or mental disability, religion, ancestry, national origin or familial status;

C.  Make, print or publish or cause to be made, printed or published any notice, statement or advertisement relating to the sale, rental or lease of the housing accommodation that indicates any preference, limitation or discrimination based upon race or color, sex, sexual orientation <u>or gender identity</u>, physical or mental disability, religion, ancestry, national origin or familial status or an intention to make any such preference, limitation or discrimination;

D.  Discriminate against any person because of race or color, sex, sexual orientation <u>or gender identity</u>, physical or mental disability, religion, ancestry, national origin or familial status in the price, terms, conditions or privileges of the sale, rental or lease of any housing accommodations or in the furnishing of facilities or services in connection with any housing accommodations; or

E.  Evict or attempt to evict any tenant of any housing accommodation because of the race or color, sex, sexual orientation <u>or gender identity</u>, physical or mental disability, religion, ancestry, national origin or familial status of the tenant;

**Sec. 9.  5 MRSA §4581-A, sub-§2,** as enacted by PL 2011, c. 613, §11 and affected by §29, is amended to read:

**2.  Selling, brokering or appraising of housing.**  For any real estate broker or real estate salesperson, or any agent of these, to:

A.  Fail or refuse to show any person a housing accommodation listed for sale, lease or rent because of race or color, sex, sexual orientation <u>or gender identity</u>, physical or mental disability, religion, ancestry, national origin or familial status;

B.  Misrepresent, for the purpose of discriminating because of race or color, sex, sexual orientation <u>or gender identity</u>, physical or mental disability, religion, ancestry, national origin or familial status, the availability or asking price of a housing accommodation listed for sale, lease or rent or for such reason to fail to communicate to the person having the right to sell, rent or lease the housing accommodation any offer for the same made by any applicant;

C.  In any other manner to discriminate against any applicant for a housing accommodation because of race or color, sex, sexual orientation <u>or gender identity</u>, physical or mental disability, religion, ancestry, national origin or familial status;

D.  Make or cause to be made any written or oral inquiry or record concerning the race or color, sex, sexual orientation <u>or gender identity</u>, physical or mental disability, religion, ancestry, national origin or familial status of any applicant for or intended occupant of a housing accommodation; or

E.  Accept for listing any housing accommodation when the person having the right to sell, rent or lease the housing accommodation has directly or indirectly indicated an intention of discriminating among prospective tenants or purchasers on the ground of

race or color, sex, sexual orientation <u>or gender identity</u>, physical or mental disability, religion, ancestry, national origin or familial status, or when the broker or salesperson knows or has reason to know that the person having the right to sell, rent or lease the housing accommodation has made a practice of discrimination since July 1, 1972;

**Sec. 10.  5 MRSA §4581-A, sub-§3,** as enacted by PL 2011, c. 613, §11 and affected by §29, is amended to read:

**3. Making of loans; other financial assistance.**  For any person to whom application is made for a loan or other form of financial assistance for the acquisition, construction, rehabilitation, repair or maintenance of any housing accommodation, whether secured or unsecured, or agent of the person, to:

A.  Make or cause to be made any oral or written inquiry concerning the race or color, sex, sexual orientation <u>or gender identity</u>, physical or mental disability, religion, ancestry, national origin or familial status of any applicant for financial assistance or of existing or prospective occupants or tenants of housing accommodations; or

B.  Discriminate in the granting of financial assistance, or in the terms, conditions or privileges relating to obtaining or the use of any financial assistance, against any applicant because of race or color, sex, sexual orientation <u>or gender identity</u>, physical or mental disability, religion, ancestry, national origin or familial status; or

**Sec. 11.  5 MRSA §4583,** as amended by PL 2007, c. 243, §4, is further amended to read:

**§4583.  Application**

Nothing in this Act may be construed to prohibit or limit the exercise of the privilege of every person and the agent of any person having the right to sell, rent, lease or manage a housing accommodation to set up and enforce specifications in the selling, renting, leasing or letting or in the furnishings of facilities or services in connection with the facilities that are consistent with business necessity and are not based on the race, color, sex, sexual orientation <u>or gender identity</u>, physical or mental disability, religion, country of ancestral origin or familial status of or the receipt of public assistance payments by any prospective or actual purchaser, lessee, tenant or occupant.  Nothing in this Act may be construed to prohibit or limit the exercise of the privilege of every person and the agent of any person making loans for or offering financial assistance in the acquisition, construction, rehabilitation, repair or maintenance of housing accommodations to set standards and preferences, terms, conditions, limitations or specifications for the granting of loans or financial assistance that are consistent with business necessity and are not based on the race, color, sex, sexual orientation <u>or gender identity</u>, physical or mental disability, religion, country of ancestral origin or familial status of or the receipt of public assistance payments by the applicant for a loan or financial assistance or of any existing or prospective owner, lessee, tenant or occupant of <u>a</u> housing accommodation.

**Sec. 12.  5 MRSA §4591,** as amended by PL 2005, c. 10, §16, is further amended to read:

**§4591.  Equal access to public accommodations**

The opportunity for every individual to have equal access to places of public accommodation without discrimination because of race, color, sex, sexual orientation <u>or</u>

<u>gender identity, age</u>, physical or mental disability, religion, ancestry or national origin is recognized as and declared to be a civil right.

**Sec. 13. 5 MRSA §4592, sub-§1,** as amended by PL 2005, c. 10, §17, is further amended to read:

**1. Denial of public accommodations.** For any public accommodation or any person who is the owner, lessor, lessee, proprietor, operator, manager, superintendent, agent or employee of any place of public accommodation to directly or indirectly refuse, discriminate against or in any manner withhold from or deny the full and equal enjoyment to any person, on account of race or color, sex, sexual orientation <u>or gender identity, age</u>, physical or mental disability, religion, ancestry or national origin, any of the accommodations, advantages, facilities, goods, services or privileges of public accommodation, or in any manner discriminate against any person in the price, terms or conditions upon which access to ~~accommodation~~ <u>accommodations</u>, advantages, facilities, goods, services and privileges may depend.

For purposes of this subsection, unlawful discrimination also includes, but is not limited to:

A. The imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages or accommodations, unless the criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages or accommodations being offered;

B. A failure to make reasonable modifications in policies, practices or procedures, when modifications are necessary to afford the goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless, in the case of a private entity, the private entity can demonstrate that making the modifications would fundamentally alter the nature of the goods, services, facilities, privileges, advantages or accommodations;

C. A failure to take steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless, in the case of a private entity, the private entity can demonstrate that taking those steps would fundamentally alter the nature of the good, service, facility, privilege, advantage or accommodation being offered or would result in an undue burden;

D. A private entity's failure to remove architectural barriers and communication barriers that are structural in nature in existing facilities and transportation barriers in existing vehicles and rail passenger cars used by an establishment for transporting individuals, not including barriers that can be removed only through the retrofitting of vehicles or rail passenger cars by the installation of a hydraulic or other lift, where the removal is readily achievable~~;~~ <u>.</u>

When the entity can demonstrate that the removal of a barrier under this paragraph is not readily achievable, a failure to make the goods, services, facilities, privileges, advantages or accommodations available through alternative methods if alternative methods are readily achievable; and

E. A qualified individual with a disability, by reason of that disability, being excluded from participation in or being denied the benefits of the services, programs or activities of a public entity, or being subjected to discrimination by any such entity;

**Sec. 14. 5 MRSA §4592, sub-§2,** as amended by PL 2005, c. 10, §17, is further amended to read:

**2. Communication, notice or advertisement.** For any person to directly or indirectly publish, display or communicate any notice or advertisement to the effect that any of the accommodations, advantages, facilities and privileges of any place of public accommodation are refused, withheld from or denied to any person on account of race or color, sex, sexual orientation <u>or gender identity</u>, age, physical or mental disability, religion, ancestry or national origin, or that the patronage or custom of any person belonging to or purporting to be of any particular race or color, sex, sexual orientation <u>or gender identity, age</u>, physical or mental disability, religion, ancestry or national origin is unwelcome, objectionable or not acceptable, desired or solicited, or that the clientele is restricted to any particular race or color, <u>sex,</u> sexual orientation <u>or gender identity, age</u>, physical or mental disability, religion, ancestry or national origin. The production of any communication, notice or advertisement purporting to relate to any place of accommodation is presumptive evidence in any action that the action was authorized by its owner, manager or proprietor;

**Sec. 15. 5 MRSA §4592, sub-§6,** as amended by PL 2007, c. 664, §5, is further amended to read:

**6. Association.** For a covered entity to exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations or other opportunities to an individual or entity because of the known ~~disability~~ <u>protected class status</u> of an individual with whom the individual or entity is known to have a relationship or association;

**Sec. 16. 5 MRSA §4595,** as amended by PL 2005, c. 10, §18, is further amended to read:

**§4595. Right to freedom from discrimination solely on basis of age, race, color, sex, sexual orientation <u>or gender identity</u>, marital status, ancestry, religion or national origin in any credit transaction**

The opportunity for every individual to be extended credit without discrimination solely because of any one or more of the following factors: age; race; color; sex; sexual orientation <u>or gender identity</u>; marital status; ancestry; religion or national origin is recognized as and declared to be a civil right.

**Sec. 17. 5 MRSA §4596,** as amended by PL 2005, c. 10, §19, is further amended to read:

**§4596. Unlawful credit extension discrimination**

It is unlawful credit discrimination for any creditor to refuse the extension of credit to any person solely on the basis of any one or more of the following factors: age; race; color; sex; sexual orientation <u>or gender identity</u>; marital status; ancestry; religion or national origin in any credit transaction. It is not unlawful credit discrimination to comply with the terms and conditions of any bona fide group credit life, accident and health insurance plan, for a financial institution extending credit to a married person to require both the husband and the wife to sign a note and a mortgage and to deny credit to persons under ~~the age of~~

1   18 <u>years of age</u> or to consider a person's age in determining the terms upon which credit
2   will be extended.

3   **Sec. 18. 5 MRSA §4601,** as amended by PL 2005, c. 10, §20, is further amended to
4   read:

5   **§4601. Right to freedom from discrimination in education**

6   The opportunity for an individual at an educational institution to participate in all
7   educational, counseling and vocational guidance programs ~~and~~<u>,</u> all apprenticeship and on-
8   the-job training programs <u>and all extracurricular activities</u> without discrimination because
9   of sex, <u>sexual orientation or gender identity</u>, a physical or mental disability, <u>ancestry,</u>
10  national origin ~~or~~<u>,</u> race<u>, color or religion</u> is recognized and declared to be a civil right.

11  **Sec. 19. 5 MRSA §4602,** as amended by PL 2005, c. 662, Pt. A, §1, is further
12  amended to read:

13  **§4602. Unlawful educational discrimination**

14  **1. Unlawful educational discrimination ~~on the basis of sex~~.** It is unlawful
15  educational discrimination in violation of this Act, on the basis of sex, <u>sexual orientation</u>
16  <u>or gender identity, physical or mental disability, ancestry, national origin, race, color or</u>
17  <u>religion,</u> to:

18  A.  Exclude a person from participation in, deny a person the benefits of, or subject a
19  person to, discrimination in any academic, extracurricular, research, occupational
20  training or other program or activity;

21  B.  Deny a person equal opportunity in athletic programs;

22  C.  Apply any rule concerning the actual or potential ~~family~~ <u>familial status</u> or marital
23  status of a person or to exclude any person from any program or activity because of
24  pregnancy or related conditions <u>or because of sex or sexual orientation or gender</u>
25  <u>identity</u>;

26  D.  Deny <u>a person</u> admission to the institution or program or to fail to provide equal
27  access to and information about an institution or program through recruitment; or

28  E.  Deny <u>a person</u> financial assistance availability and opportunity.

29  **2. ~~Unlawful educational discrimination on the basis of physical or mental~~**
30  **~~disability.~~** ~~It is unlawful educational discrimination in violation of this Act solely on the~~
31  ~~basis of physical or mental disability to:~~

32  ~~A.  Exclude from participation in, deny the benefits of or subject to discrimination~~
33  ~~under any educational program or activity any otherwise qualified individual with~~
34  ~~physical or mental disability;~~

35  ~~B.  Deny any person equal opportunity in athletic programs, provided that no~~
36  ~~educational institution may be required under this subsection to provide separate~~
37  ~~athletic programs to serve persons with physical or mental disability;~~

38  ~~C.  Deny admission to any institution or program or fail to provide equal access to and~~
39  ~~information about an institution or program through recruitment; or~~

40  ~~D.  Deny financial assistance availability and opportunity.~~

~~Nothing in this subsection may be construed to cover the rights of children with disabilities to special education programs under state or federal law.~~

**3. Unlawful educational discrimination on the basis of national origin or race.** ~~It is unlawful educational discrimination in violation of this Act, on the basis of national origin or race, to:~~

~~A. Exclude a person from participation in, deny a person the benefits of, or subject a person to, discrimination in any academic, extracurricular, research, occupational training or other program or activity;~~

~~B. Deny admission to the institution or program or to fail to provide equal access to and information about an institution or program through recruitment; or~~

~~C. Deny financial assistance availability and opportunity.~~

**4. Unlawful education discrimination on the basis of sexual orientation.** ~~It is unlawful education discrimination in violation of this Act, on the basis of sexual orientation, to:~~

~~A. Exclude a person from participation in, deny a person the benefits of or subject a person to discrimination in any academic, extracurricular, research, occupational training or other program or activity;~~

~~B. Deny a person equal opportunity in athletic programs;~~

~~C. Apply any rule concerning the actual or potential family or marital status of a person or to exclude any person from any program or activity because of their sexual orientation;~~

~~D. Deny admission to the institution or program or to fail to provide equal access to any information about an institution or program through recruitment; or~~

~~E. Deny financial assistance availability and opportunity.~~

~~The provisions in this subsection relating to sexual orientation do not apply to any education facility owned, controlled or operated by a bona fide religious corporation, association or society.~~

**5. Application.** Nothing in this section:

A.  Requires an educational institution to provide separate athletic or other extracurricular programs to serve a person with a physical or mental disability;

B. May be construed to affect the rights of a person with a physical or mental disability to special education programs under state or federal law;

C. Requires a religious corporation, association or society that does not receive public funding to comply with this section as it relates to sexual orientation or gender identity; or

D. Requires an educational institution to participate in or endorse any religious beliefs or practices; to the extent that an educational institution permits religious expression, it cannot discriminate between religions in so doing.

**Sec. 20.  5 MRSA §4612, sub-§2-A,** as enacted by PL 2019, c. 465, §6, is amended by amending the first blocked paragraph to read:

1  An administrative dismissal operates as an order of dismissal and has the same effect as a
2  finding by the commission that no reasonable grounds exist to believe that unlawful
3  discrimination has occurred, except that an administrative dismissal pursuant to paragraph
4  C does not entitle the complainant to an award of attorney's fees, civil penal damages or
5  compensatory and punitive damages.

6  **Sec. 21. 5 MRSA §4622, sub-§1, ¶A,** as amended by PL 2019, c. 465, §8, is further
7  amended to read:

8  A.  Dismissed the case under section 4612, subsection 2 or subsection 2-A, paragraphs
9  A and B and D to F;

10 **Sec. 22. 5 MRSA §4634,** as enacted by PL 2001, c. 206, §1, is amended to read:

11 **§4634.  Right to breast-feed**

12 Notwithstanding any ~~other~~ provision of law to the contrary, a ~~mother~~ person may
13 breast-feed ~~her~~ that person's baby in any location, public or private, where the ~~mother~~
14 person is otherwise authorized to be.

15                                    **SUMMARY**

16 This bill addresses inconsistencies in the protections provided in different areas of
17 jurisdiction under the Maine Human Rights Act.  The bill provides more inclusive
18 protection by:

19 1. Including adult family members dependent for care in the definition of "familial
20 status";

21 2. Including familial status as a protected class in employment;

22 3. Including age as a protected class in public accommodations; and

23 4. Clarifying the scope of the Maine Human Rights Act application in education.

24 The bill also clarifies that the sexual orientation provisions in the Maine Human Rights
25 Act extend to gender identity.