UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| CROSSPOINT CHURCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-00146-JAW |
| | ) |
| A. PENDER MAKIN, in her | ) |
| official capacity as Commissioner of | ) |
| the Maine Department of Education, et al., | ) |
| | ) |
| Defendants. | ) |

**JOINT MOTION TO CONVERT ORDER ON PRELIMINARY INJUNCTION INTO ORDER ON PERMANENT INJUNCTION AND ENTER FINAL JUDGMENT**

The parties respectfully request that the Court convert its Order on Plaintiff's Motion for Preliminary Injunction into an Order on Permanent Injunction and enter final judgment to facilitate prompt and efficient appellate review.

In support of this motion, the parties state as follows:

1. On March 27, 2023, Plaintiff filed a complaint (Dkt. 1) and Motion for Preliminary Injunction (Dkt. 5) challenging the current statutory framework governing participation of religious schools in Maine's tuitioning program.

2. On February 27, 2024, the Court denied Plaintiff's Motion for Preliminary Injunction, "primarily" concluding that Plaintiff is unlikely to succeed on the merits of its claims. Dkt. 41, 1.

3. In doing so, the Court recognized that "this case presents novel constitutional questions in the wake of the Supreme Court's decision in *Carson v. Makin*," *id.* at 2; that the case presents a "purely legal question," *id.* at 21, and that "whether the MHRA burdens Crosspoint's religious exercise presents a close call, at least in this pre-enforcement context," *id.* at 28.

4. The Court further noted that it "has framed its opinion as a prelude to a challenge to the Court

of Appeals for the First Circuit for a more authoritative ruling." *Id.* at 2.

5. To facilitate appeal, promote efficiency, and preserve judicial and party resources, the parties request that this Court accept the stipulation of facts submitted by the parties and convert its Order on Plaintiff's Motion for Preliminary Injunction into an Order on Permanent Injunction and enter final judgment.

6. "A district court can convert a preliminary injunction order into a permanent injunction order." *Me. Republican Party v. Dunlap*, 1:18-cv-00179-JDL, at *2 (D. Me. Aug. 3, 2018). "Where a plaintiff seeks permanent injunctive relief, the test is the same [as the preliminary injunction standard], except that the movant must show actual success on the merits of the claim, rather than a mere likelihood of success." *Id.* (citing *Caroline T. v. Hudson Sch. Dist.*, 915 F.2d 752, 755 (1st Cir. 1990)). *See also Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*, 645 F.3d 26, 34 (1st Cir. 2011).

7. Because this Court concluded that Plaintiff was unlikely to succeed on the merits of its claims, and because Plaintiff does not believe any additional evidence is necessary to resolve its claims, the case is ripe for final adjudication on Plaintiff's request for permanent injunctive relief. *See Me. Republican Party,* 1:18-cv-00179-JDL, at *2,

8. Moreover, this Court may convert its Order "without an evidentiary hearing where, as here, the parties agree that no hearing is necessary and where a hearing would serve little purpose." *Id.* (citing *The Shell Co. (Puerto Rico) Ltd. v. Los Frailes Serv. Station, Inc.*, 605 F.3d 10, 19 n.4 (1st Cir. 2010)).

9. Given the Court's legal conclusions and the parties' stipulation of facts, the parties believe that an evidentiary hearing is unnecessary. There are no material factual disputes preventing the Court from entering judgment as a matter of law. This case presents dispositive legal issues for appeal, and entering judgment would serve judicial efficiency and avoid the unnecessary expenditure of party

resources.

10. The parties agree to the entry of final judgment solely to facilitate an appeal. They reserve their right to appeal all aspects of the Court's orders in this case.

For these reasons, the parties request that the Court convert the Order on Preliminary Injunction into an Order on Permanent Injunction and enter final judgment.

Date: March 28, 2024

/s/ *Christopher Taub*
Christopher C. Taub
Chief Deputy Attorney General
Sarah A. Forster
Assistant Attorney General
Office of the Attorney General
State House Station 6  Augusta, ME 04333
Telephone: (207) 626-8800
Email: Christopher.C.Taub@maine.gov
         sarah.forster@maine.gov

*Attorneys for Defendants*

Respectfully submitted,

/s/ *Patrick Strawbridge*
Patrick Strawbridge (Bar No. 10024)
  *Lead Counsel*
Consovoy McCarthy PLLC
Ten Post Office Square
8th Floor South PMB #706
Boston, MA 02109
(703) 243-9423
patrick@consovoymccarthy.com

Tiffany H. Bates*
Consovoy McCarthy PLLC
1600 Wilson Blvd.
Suite 700
Arlington, VA 22209
(703) 243-9423
tiffany@consovoymccarthy.com

Jeffrey C. Mateer*
David J. Hacker*
Lea E. Patterson*
Keisha T. Russell*
Courtney A. Jones*
First Liberty Institute
2001 W Plano Parkway, Suite 1600
Plano, Texas 75075
(972) 941-4444
lepatterson@firstliberty.org

*Admitted *pro hac vice*

*Attorneys for Plaintiff*

CERTIFICATE OF SERVICE

I certify that, on March 28, 2024, I electronically filed the foregoing with the Court and served it on opposing counsel through the Court's CM/ECF system.

/s/Christopher C. Taub
Christopher C. Taub
Chief Deputy Attorney General
Office of the Attorney General
State House Station 6
Augusta, ME 04333
(207) 626-8800
Christopher.C.Taub@maine.gov

Respectfully submitted,

/s/ Patrick Strawbridge
Patrick Strawbridge (Bar No. 10024)
  *Lead Counsel*
Consovoy McCarthy PLLC
Ten Post Office Square
8th Floor South PMB #706
Boston, MA 02109
(703) 243-9423
patrick@consovoymccarthy.com