# Exhibit 9

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| DAVID and AMY CARSON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 18-cv-00327 DBH |
| ) | |
| ROBERT G. HASSON, JR., in his ) | |
| official capacity as Commissioner of ) | |
| the Maine Department of Education, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT ROBERT G. HASSON, JR.'S RESPONSES TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Robert G. Hasson, Jr., in his official capacity as Commissioner of the Maine Department of Education ("Defendant"), responds as follows to the Plaintiffs' First Set of Interrogatories dated November 5, 2018.

1. Please describe how you determine whether a private school that applies to be approved for tuition purposes is determined to be nonsectarian for purposes of Me. Stat. tit. 20-A, § 2951(2).

**ANSWER:** A private school seeking to be approved for tuition purposes submits the private school approval form to the Department of Education. A copy of the current form is enclosed herewith. Department staff review the form to determine whether a school seeking approval for tuition purposes has complied with all applicable statutory requirements including Section 2951(2). Further responding, Defendant refers to his Answer to Interrogatory No. 7.

1

2. Please identify any documents that guide or control your determination of whether a private school that applies to be approved for tuition purposes is nonsectarian for purposes of Me. Stat. tit. 20-A, § 2951(2).

**ANSWER:** No responsive documents exist.

3. Please identify every private school that is approved for tuition purposes for the 2018-2019 school year pursuant to Me. Stat. tit. 20-A, § 2951, including private schools located outside of Maine's borders.

**ANSWER:** A list of schools approved for tuition purposes pursuant to Me. Stat. tit. 20-A, § 2951, including privates schools located outside of Maine's borders for the 2017-18 school year, the last year for which a complete list is available, is enclosed herewith.

4. Please identify any private school that had its approval to receive tuition pursuant to Me. Stat. tit. 20-A, § 2951 revoked or denied since June 2002, including private schools located outside of Maine's borders, because it was sectarian for purposes of Me. Stat. tit. 20-A, § 2951(2).

**ANSWER:** Documents relating to two private schools that had their request for approval to receive tuition pursuant to Me. Stat. tit. 20-A, § 2951 denied since June 2002 because they were sectarian for purposes of Me. Stat. tit. 20-A, § 2951(2) are enclosed herewith. In addition, Defendant has enclosed documents relating to a private school that had its request for approval granted after consideration of whether it was sectarian pursuant to Section 2951(2).

5. Please identify and describe each and every government interest you contend is advanced by Me. Stat. tit. 20-A, § 2951(2), which requires that a private school be "nonsectarian" in order to "be approved."

2

**ANSWER:** Defendant refers to the interests identified by the Maine Legislature in rejecting L.D. 182, a bill entitled "An Act to Eliminate Discrimination Against Parents Who Want to Send Their Children to Religious Private Schools" in 2003. That bill sought to eliminate Section 2951(2). It was defeated. Legislative documents relating to L.D. 182 are enclosed herewith.

Further responding, Defendant states that the State has a sovereign interest in the development and maintenance of a system of public education that ensures all Maine students have access to K-12 education at public expense, including students who reside in school administrative units which do not operate schools. To the extent that students in school administrative units which do not operate schools attend private schools, the State has an interest in ensuring that the education they receive at such schools is roughly equivalent to the education they would receive in public schools. The State has an interest in maintaining a religiously neutral public education system in which religious preference is not a factor. The State has an interest in ensuring that public funds are not used to maintain or support sectarian/religious instruction, including, in particular, instruction that promotes or advances a particular religion. The State has an interest in avoiding the religious fractionalization of its publicly-funded education system. The State has an interest in preventing public funds from being used to support institutions which, unlike public and nonsectarian private schools, are legally permitted to engage in discriminatory practices.

6.  Please identify and describe any harm to the public that you contend would arise in the absence of Me. Stat. tit. 20-A, § 2951(2).

**ANSWER:** Defendant incorporates his response to Interrogatory No. 5 above. Further responding, Defendant states that the public is harmed by the use of public dollars to

3

fractionalize its public education system, or to support institutions that are exclusionary, as opposed to inclusionary. Additionally, the public is harmed by the use of scarce public dollars to fund sectarian/religious instruction.

7. Please describe how you interpret the language "nonsectarian school" contained in Me. Stat. tit. 20-A, § 2951(2).

**ANSWER:** In making its determination whether a particular school is in compliance with Section 2951, the Department considers a sectarian school to be one that is associated with a particular faith or belief system and which, in addition to teaching academic subjects, promotes the faith or belief system with which it is associated and/or presents the material taught through the lens of this faith. While affiliation or association with a church or religious institution is one potential indicator of a sectarian school, it is not dispositive. The Department's focus is on what the school teaches through its curriculum and related activities, and how the material is presented.

8. For each interrogatory, identify every person that participated in answering (and/or provided information in order to answer) that specific interrogatory.

**ANSWER:** Acting Deputy Commissioner Joanne Allen, Paula Gravelle, and Pamela-Ford Taylor participated in the answers to Interrogatories 1, 4, 5, 6, and 7. Charlotte Ellis provided the data for Interrogatories 3, 12 and 15.

9. If your response to Request for Admission No. 1 is anything other than an unqualified admission, explain the denial and identify any facts supporting that denial.

**ANSWER:** N/A

10. If your response to Request for Admission No. 2 is anything other than an unqualified admission, explain the denial and identify any facts supporting that denial.

4

**ANSWER:** N/A

11. If your response to Request for Admission No. 3 is anything other than an unqualified admission, explain the denial and identify any facts supporting that denial.

**ANSWER:** N/A

12. Please identify how many students have received funding from the State of Maine for tuition at non-public secondary schools in the current academic year.

**ANSWER:** A chart showing how many students have received funding from the State of Maine for tuition at non-public secondary schools for the 2017-18 school year, the last year for which a complete list is available, is enclosed herewith.

13. Please identify which administrative units have provided funding for tuition at non-public secondary schools in the current academic year.

**ANSWER:** See Defendant's Answer to Interrogatory No. 12.

14. Please identify which non-public secondary schools are approved to receive tuition pursuant to Me. Stat. tit. 20-A, § 2951 in the current academic year.

**ANSWER:** See Defendant's Answer to Interrogatory No. 3.

15. Please identify how many students are attending secondary schools, both public and non-public, at public expense in the current academic year.

**ANSWER:** A chart showing how many students are attending secondary schools, both public and non-public, at public expense for the 2017-18 school year, the last year for which a complete list is available, is enclosed herewith.

Dated: December 4, 2018

Joanne Allen, Acting Deputy Commissioner
Maine Department of Education

Subscribed and sworn before me, this 4 day of December, 2018.

Notary Public   Evelyn L. Poplawski
f/k/a Evelyn L. Fitzgerald
My Commission Expires: January 13, 2019

EVELYN L FITZGERALD
Notary Public Maine
My Commission Expires January 13 2019

As to Objections:

___N/A_____
Sarah A. Forster
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, ME 04333-0006
Tel. (207) 626-8866
sarah.forster@maine.gov

6

**CERTIFICATE OF SERVICE**

I hereby certify that on this, the 4th day of December, 2018, I caused the original of this document to be served by electronic mail and first class mail upon lead counsel for the Plaintiffs:

Timothy D. Keller, Esq.
Institute for Justice
398 S. Mill Avenue
Suite 301
Tempe, AZ 85281
tkeller@ij.org

All other counsel of record will receive this document by electronic mail:

Jeffrey T. Edwards, Esq.
Preti, Flaherty, Beliveau, & Pachios, LLP
One City Center
P.O. Box 9546
Portland, Maine 04112-9546
jedwards@preti.com

Lea Patterson, Esq.
First Liberty Institute
2001 W. Plano Parkway
Suite 1600
Plano, TX 75075
lepatterson@firstliberty.org

Arif Panju, Esq.
Institute for Justice
816 Congress Avenue
Suite 960
Austin, TX 78701
apanju@ij.org

Michael K. Whitehead, Esq.
Jonathan R. Whitehead, Esq.
Law Office of Jonathan R. Whitehead
229 SE Douglas Street #210
Lees Summit, MO 64063
mike@thewhiteheadfirm.com
jon@whiteheadlawllc.com

Dated: December 4, 2018

/s/ Sarah A. Forster
SARAH A. FORSTER
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, ME 04333-0006
Tel. (207) 626-8866
sarah.forster@maine.gov