UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CROSSPOINT CHURCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:23-cv-00146-JAW |
| ) | |
| A. PENDER MAKIN, in her ) | |
| official capacity as Commissioner of ) | |
| the Maine Department of Education, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ON JOINT MOTION TO CONVERT ORDER ON PRELIMINARY INJUNCTION INTO ORDER ON PERMANENT INJUNCTION AND ENTER FINAL JUDGMENT**

On February 27, 2024, the Court issued an order on the Plaintiff's motion for preliminary injunction. *Order on Pl.'s Mot. for Prelim. Inj.* (ECF No. 41). On March 28, 2024, the parties filed a joint motion asking the Court to convert the order on preliminary injunction into an order on permanent injunction and to enter final judgment. *Jt. Mot. to Convert Order on Prelim. Inj. into Order on Permanent Inj. and Enter Final J.* (ECF No. 43). The parties also submitted a stipulation of facts to form the basis for the Court's order on the motion for permanent injunction and the record on appeal. *Jt. Stip. Facts* (ECF No. 44).

The Court appreciates counsel's efforts to streamline this case so that it will be efficiently presented to the Court of Appeals for the First Circuit for appellate review, and the Court is anxious to accommodate the parties. However, from the Court's perspective, the stipulation presents a question of what record this Court should rely

on in issuing its order on the parties' joint motion. The Court suspects that the Court of Appeals will be interested in what record was before the Court when it issued its order on permanent injunction and whether the Court properly considered it.

To explain, the record before the Court for ruling on the motion for preliminary injunction consisted of a verified complaint, *Compl.* at 28 (ECF No. 1), the authorities cited by the parties in their briefing, *Pl.'s Mot. for Prelim. Inj.* (ECF No. 5) (*Pl.'s Mot.*); *Defs.' Opp'n to Pl.'s Mot. for Prelim. Inj.* (ECF No. 14) (*Defs.' Opp'n*); *Pl.'s Reply in Supp. of Mot. for Prelim. Inj.* (ECF No. 21), three exhibits submitted by Crosspoint, *Pl.'s Mot.*, Attachs. 1-3, four exhibits submitted by the Defendants, *Defs.' Opp'n*, Attachs. 1-4, an affidavit submitted by the Defendants, *Aff. of Megan Welter* (ECF No. 15), and an additional attachment filed by Crosspoint. *Dep. of Martha Boone* (ECF No. 22). The stipulation of facts contains much of the same evidence that was before the Court when it issued its order on the motion for preliminary injunction. But some of the newly stipulated evidence was not before the Court when it issued its preliminary injunction order. This includes BCS's application for admission, *Jt. Stip. Facts*, Attach. 2, the Hasson interrogatory answers, *id.*, Attach. 9, and the Cardigan Mountain School correspondence, *id.*, Attach. 10.

The Court assumes that the parties have slightly expanded the record for a reason, presumably because there is something in the newly stipulated facts relevant to the Court of Appeals' consideration of the appeal. The problem is that if the Court merely hardens its order on the motion for preliminary injunction into an order on the motion for permanent injunction and issues a judgment, the order on permanent

injunction and judgment will be based on the prior record, not the record the parties have now stipulated to. The Court does not know how it could reissue the same order without referring to the new record and considering the new evidence the parties have placed before it. In short, the Court's order on the motion for permanent injunction and the record must be synchronized.

    The Court welcomes counsel's advice. Counsel may either respond in writing or the Court will schedule a telephone conference with counsel to discuss this issue. To keep its hand on the pulse of the case, the Court sets a deadline of seven days from the date of this order to hear from counsel.

    SO ORDERED.

                                          /s/ John A. Woodcock, Jr.
                                        JOHN A. WOODCOCK, JR.
                                        UNITED STATES DISTRICT JUDGE

Dated this 1st day of April, 2024