UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CROSSPOINT CHURCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-00146-JAW |
| | ) |
| A. PENDER MAKIN, in her official capacity as Commissioner of the Maine Department of Education, et al., | ) ) ) ) |
| | ) |
| Defendants. | ) |

**ORDER ON JOINT MOTION TO CONVERT ORDER ON PRELIMINARY INJUNCTION INTO ORDER ON PERMANENT INJUNCTION AND ENTER FINAL JUDGMENT**

Determining that the small amount of additional evidence submitted by the parties does not alter the reasoning behind the Court's denial of the plaintiff's motion for preliminary injunction, the Court grants the parties' joint motion to convert the order on preliminary injunction into an order on permanent injunction and enters final judgment in favor of the defendants.

**I.     PROCEDURAL BACKGROUND**

On March 27, 2023, Crosspoint Church filed a three-count complaint against A. Pender Makin, in her official capacity as Commissioner of the Maine Department of Education, and Jefferson Ashby, Edward David, Julie Ann O'Brien, Mark Walker, and Thomas Douglas, in their official capacities as Commissioners of the Maine Human Rights Commission, alleging that certain provisions of the Maine Human Rights Act (MHRA) effectively exclude it from approval for Maine's school tuitioning

program in violation of the Free Exercise, Establishment, and Free Speech Clauses of the U.S. Constitution. *Compl.* (ECF No. 1). That same day, Crosspoint filed a motion for preliminary injunction to enjoin the Defendants from enforcing the provisions of Maine law that allegedly exclude it from the tuitioning program. *Pl.'s Mot. for Prelim. Inj.* (ECF No. 5).

On February 27, 2024, the Court denied Crosspoint's motion for preliminary injunction in a forty-seven-page order. *Order on Pl.'s Mot. for Prelim. Inj.* (ECF No. 41) (*Order on Prelim. Inj.*). Despite denying Crosspoint's motion, the Court acknowledged that Crosspoint "is raising important legal questions." *Id.* at 46. In recognition of these "novel constitutional questions," the Court "attempted to frame its opinion as a prelude to a challenge to the Court of Appeals for the First Circuit for a more authoritative ruling." *Id.*

On March 28, 2024, the parties filed a joint motion asking the Court to "convert its Order on Plaintiff's Motion for Preliminary Injunction into an Order on Permanent Injunction and enter final judgment to facilitate prompt and efficient appellate review." *Jt. Mot. to Convert Order on Prelim. Inj. Into Order on Permanent Inj. and Enter Final J.* (ECF No. 43) (*Jt. Mot. for Order on Permanent Inj.*). That same day, the parties submitted a joint stipulation of facts, with thirteen attachments, to be included as part of the record for appellate review. *Jt. Stipulated Facts* (ECF No. 44).

On April 1, 2024, the Court issued an order on the parties' joint motion, in which the Court expressed concern that new materials not previously before the Court were included in the parties' joint stipulation of facts. *Order on Jt. Mot. to*

2

*Convert Order on Prelim. Inj. Into Order on Permanent Inj. and Enter Final J.* at 2 (ECF No. 45) (*Order on Jt. Mot.*). The Court further explained that it did not believe it could convert its order on preliminary injunction into an order on permanent injunction without referring to the new record and considering the new evidence offered by the parties. *Id.* at 2-3. To resolve this issue, the Court sought counsels' advice on how to proceed. *Id.* at 3.

To this end, on April 22, 2024, the Court held a telephonic conference of counsel. *Min. Entry* (ECF No. 47). During this conference, the Court instructed the parties to file a motion explaining why they added new materials to the joint stipulation of facts and whether they believed this additional evidence would impact the reasoning in the Court's order on preliminary injunction.

On April 24, 2024, the parties submitted a motion responding to the Court's queries. *Jt. Mot. in Resp. to Ct.'s Order on Jt. Mot. to Convert Order on Prelim. Inj. Into Order on Permanent Inj. and Enter Final J.* (ECF No. 48) (*Jt. Mot. in Resp. to Ct.'s Order*). In this motion, the parties acknowledged that some evidence in the joint stipulation of facts was not before the Court when it issued its order on Crosspoint's motion for preliminary injunction, but they represented this evidence was part of the record in *Carson v. Makin*. *Id.* at 1. The parties described the new evidence as "background information that will not materially impact the Court's thorough legal analysis or its ruling on the preliminary injunction motion." *Id.* The parties further clarified they were seeking "to ensure that all potentially relevant evidence is

3

included in the record" "to ensure full appellate review and avoid possible remand." *Id.* at 2.

## II.   DISCUSSION

### A.   The Newly Stipulated Evidence

In its previous order, the Court referenced three attachments to the parties' joint stipulation of facts that were not before the Court when it was considering Crosspoint's motion for preliminary injunction: 1) Bangor Christian Schools' (BCS) application for admission, *Jt. Stipulated Facts*, Attach. 2; 2) the interrogatory answers of Robert G. Hasson, Jr., former Commissioner of the Maine Department of Education, *id.*, Attach. 9; and 3) correspondence between the Maine Department of Education and Cardigan Mountain School. *Id.*, Attach. 10.  Having analyzed each newly filed attachment, the Court determines they do not alter the reasoning in its order on Crosspoint's motion for preliminary injunction.

#### 1.   Bangor Christian Schools' Application for Admission

BCS's application for admission does not affect the Court's reasoning because the Court's order on Crosspoint's motion for preliminary injunction accounted for BCS's admissions policy and criteria. *See Order on Prelim. Inj.* at 10-11.  The application primarily seeks demographic information about the prospective enrollee and their family, including religious affiliation. *Jt. Stipulated Facts*, Attach. 2, *BCS Admission Application*.  Additionally, both the prospective student and a parent or guardian must affirm they "have read and understand the entire contents of the Student/Parent Handbook, and [] are willing to abide by all of the principles stated

4

therein . . . [and] understand that the school may request withdrawal at any time, if in the opinion of the school, [the] child does not fit into the spirit of the institution." *Id.*

In its order on Crosspoint's motion for preliminary injunction, the Court, in concluding the challenged provisions of the MHRA burdened Crosspoint's religious exercise, discussed BCS's requirement that students comply with its statement of faith. *Order on Prelim. Inj.* at 29-32. As the relevant portions of BCS's application for admission merely provide cumulative evidence on this point, the Court concludes the application does not alter its previous order.

### 2. The Hasson Interrogatory Answers

The Hasson interrogatory answers likewise do not affect the reasoning behind the Court's denial of preliminary injunction because they primarily relate to 20-A M.R.S. § 2951(2), the "sectarian exclusion" invalidated by the United States Supreme Court in *Carson v. Makin*, 142 S. Ct. 1987 (2022). Specifically, the interrogatory answers discuss how the Maine Department of Education applied 20-A M.R.S. § 2951(2) and the interests purportedly advanced by it. *Jt. Stipulated Facts*, Attach. 9, *Def. Robert G. Hasson, Jr.'s Resps. to Pls.' First Set of Interrogs.* As 20-A M.R.S. § 2951(2) is not at issue in this case, the Court agrees with the parties that the Hasson interrogatory answers constitute "background information" that does not alter the reasoning in the Court's order on preliminary injunction. *See Jt. Mot. in Resp. to Ct.'s Order* at 1-2.

### 3. The Cardigan Mountain School Correspondence

As the Cardigan Mountain School correspondence also concerns tuitioning approval under 20-A M.R.S. § 2951(2), it similarly does not change the analysis in the Court's prior order. This correspondence, from the summer and fall of 2015, is comprised of several emails between officials at Cardigan Mountain School and the Maine Department of Education. *Jt. Stipulated Facts*, Attach. 10, *Cardigan Mountain School Correspondence*. In conjunction with Cardigan Mountain School's application to participate in Maine's tuitioning program, the officials discuss the school's mandatory chapel services. *Id*. The correspondence ends with Maine Department of Education officials recommending the approval of Cardigan Mountain School for tuitioning purposes. *Id*.

In the Court's view, this correspondence, now nearly nine years old, primarily relates to 20-A M.R.S. § 2951(2). Whether students are required to attend chapel services appears to concern Cardigan Mountain School's potential status as a "sectarian" institution as opposed to its compliance with the challenged antidiscrimination provisions of the MHRA. Accordingly, the Court determines that the Cardigan Mountain School correspondence does not affect the reasoning in the Court's order on preliminary injunction.

### B. The Parties' Motion to Convert the Court's Order on Preliminary Injunction Into an Order on Permanent Injunction

Having determined that the newly submitted evidence does not alter the reasoning in the order on preliminary injunction, the Court turns to the parties' request to convert that order into an order on permanent injunction and enter final

6

judgment. "A district court can convert a preliminary injunction order into a permanent injunction order and may do so without an evidentiary hearing where, as here, the parties agree that no hearing is necessary and where a hearing would serve little purpose." *Me. Republican Party v. Dunlap*, No. 1:18-cv-00179-JDL, 2018 U.S. Dist. LEXIS 130446, at *2 (D. Me. Aug. 3, 2018) (citing *Shell Co. (P.R.) Ltd. v. Los Frailes Serv. Station, Inc.*, 605 F.3d 10, 19 n.4 (1st Cir. 2010)). "Where a plaintiff seeks permanent injunctive relief, the test is the same [as the preliminary injunction standard], except that the movant must show actual success on the merits of the claim, rather than a mere likelihood of success." *Id.* (alteration in original) (quoting *Caroline T. v. Hudson Sch. Dist.*, 915 F.2d 752, 755 (1st Cir. 1990)).

In its order on Crosspoint's motion for preliminary injunction, the Court concluded that Crosspoint "is unlikely to succeed on the merits." *Order on Prelim. Inj.* at 1. Specifically, the Court determined that "the religion, sexual orientation, and gender identity provisions of 5 M.R.S. § 4602 do not violate the Free Exercise, Establishment, or Free Speech Clauses of the U.S. Constitution" and that "Crosspoint is not entitled to a preliminary injunction on its challenge to 5 M.R.S. § 4572(1)(A) because the parties agree that Crosspoint is exempt from this provision." *Id.* at 19. Because the small amount of additional evidence submitted by the parties does not change the Court's reasoning, Crosspoint cannot now show actual success on the merits where it previously failed to show a likelihood of success.

Accordingly, since the Court agrees with the parties that there are no material factual disputes and that an evidentiary hearing is unnecessary, *see Jt. Mot. for Order*

*on Permanent Inj.* at 2, the Court adopts and restates all of the legal conclusions contained in its February 27, 2024 Order on Plaintiff's Motion for Preliminary Injunction. The Court further converts its denial of preliminary injunction into a denial of permanent injunction and enters final judgment for the Defendants.

### III.   CONCLUSION

The Court GRANTS the Joint Motion in Response to Court's Order on Joint Motion to Convert Order on Preliminary Injunction Into Order on Permanent Injunction and Enter Final Judgment (ECF No. 48), considers the additional evidence submitted in the joint motion to convert order, and determines that the additional exhibits do not affect the merits of the Court's February 27, 2024 Order on Plaintiff's Motion for Preliminary Injunction (ECF No. 41) or the propriety of converting the order on preliminary injunction into an order on permanent injunction and appealable judgment. The Court further GRANTS the Joint Motion to Convert Order on Preliminary Injunction Into Order on Permanent Injunction and Enter Final Judgment (ECF No. 43). The Court further CONVERTS its February 27, 2024 Order on Plaintiff's Motion for Preliminary Injunction (ECF No. 41) into an Order on Permanent Injunction and ORDERS the Clerk to enter final judgment for the Defendants.

SO ORDERED.

    /s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 4th day of June, 2024